ALEXANDER MULLER, plaintiff in error, v. MICHAEL SMITH,. defendant in error.

*Error to St. Clair.*

A petition for the enforcement of a mechanic's lien, under the statute of 1839-40, should set out the contract upon which the plaintiff's claim is founded, to show not only that he is entitled to the benefits of the act, but to apprize all parties interested, of the nature and character of his claim. The petition, like a declaration, must contain a statement of the cause of action, the time when the contract was made, within what time it was to be performed, and when payment was to be made, and show clearly on its face, a right in the plaintiff to recover. It is not sufficient to state simply that certain labor and materials were furnished by contract, and that the plaintiff has performed his part of the contract, at a certain time, "and that payment was to be made within a year from the completion of said work," and that the defendant gave his notes for the amount, &c.

THIS cause was heard in the Court below, at the April term,. 1842, before the Hon. Sidney Breese.

L. TRUMBULL and G. P. KOERNER, for the plaintiff in error.

J. SHIELD, J. C. CONKLING, and WM. H. UNDERWOOD, for the defendant in error, cited 1 Chit. Plead. 237, 241, 260, 266 ; 13 East 107 ; 2 Ld. Raym. 1007, 1410 ; 4 East 342 ; 1 Strange: 637; Hardin 48; 4 Wheat. 290–6 ; 5 Monroe 301 ; 6 Vesey 752 ;. 7 Wheat. 55 ; 2 Bos. & Pul. 155 ; 6 Mass. 143 ; 11 Mass. 361 ;. 5 Johns. 73 ; 16 Johns. 88.

TREAT, Justice, delivered the opinion of the Court : (1)

Mullen filed his *petition* in the St. Clair Circuit Court, alleging that " Michael Smith holds possession of a certain tract of land or town lot in the town of Belleville ;" and after describing the premises, proceeds to state, that " said Smith has a title bond for said lot from the said Flanagan and McCullough, and has an equitable: right or estate in the said premises ; that by contract with the said Smith, he being at the time in possession of said lot, and having an estate therein as aforesaid, to wit, on the 21st of July, 1840, and at divers other times since the last mentioned date, your petitioner has furnished labor and materials for erecting on the premises aforesaid, a one story frame house, with one door and one show window in front. Your petitioner further states, that the said contract on his part has been completed within about two months from the commencement of said work, to wit, from the 17th of July, 1840, and that payment was to be made within a year from the completion of said work. Your petitioner states, that there remains due for the materials and labor so furnished as aforesaid, the sum of one hundred and thirty-six dollars and seventy cents, and interest thereon, for which sum, your petitioner holds the several notes of the defendant ; a copy of which notes is filed herewith." The petition prays

(1) WILSON, Chief Justice, did not sit in this cause, and gave no opinion.

for a sale of the interest of Smith in the premises, for the purpose of paying the amount due the petitioner.

To this petition the defendant demurred, and assigned as special cause of demurrer, that no sufficient contract is shown by the petition, nor does it show what labor and materials were furnished.

The Court sustained the demurrer, and rendered judgment for the defendant. The plaintiff, Mullen, now assigns this decision as error.

This proceeding was instituted under the " *Act to provide for securing to Mechanics and others, liens for the value of labor and materials,*" in force December 10th, 1839. (1)    The first and second sections of the act declare, that any person, who shall, by contract with the owner of any piece of land or town lot, furnish any labor or materials for erecting or repairing any building thereon, shall have a lien on such land or lot for the amount to be paid him by the terms of the contract, provided the time of completing the contract shall not be extended for a longer period than three years, nor the time of payment beyond the period of one year from the time stipulated for the completion of the contract.

The third section provides that a petition may be filed to enforce the lien ; and the fourth section requires the petition, which is considered as the foundation of the plaintiff's action, to contain a brief statement of the contract, and the amount due thereon, with a description of the premises, and all other facts and circumstances necessary to a full understanding of the rights of the parties.

Other sections of the act authorize persons who have any liens on the premises, or any legal or equitable estate therein, to become parties to the proceeding, and contest the right of the plaintiff, as respects the amount due him, and whether he has a lien or not.

Under these provisions, the contract on which the plaintiff's claim is founded, should be set out in the petition with sufficient precision, not only to show that he is entitled to the benefits of the act, but to apprize all parties interested, of the nature and character of his claim.    The petition, like a declaration, must contain a statement of the cause of action, and show clearly on its face, a right in the plaintiff to recover.    There is a fatal defect in this petition, in the omission to state the terms of the contract.    It does not show when the contract was made, within what time it was to be performed, when payment was to be made, nor any of the essential ingredients of a contract.    The petition simply states, that by contract, certain labor and materials were furnished, but gives none of the terms or conditions of the contract.    For aught that appears, the contract may have been made more than three years prior to the 21st of July, 1840, the time when the labor and materials were furnished.    If such was the fact, the plaintiff is not entitled to the benefits of the law in question.

(1) Laws of 1839–40, 147.

The Circuit Court therefore decided right in sustaining the demurrer, and its judgment is affirmed with costs.

*Judgment affirmed.*